UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALFRED MENNA,

                        Plaintiff,

    v.

THE STOP & SHOP SUPERMARKET COMPANY, LLC, *and* 44 SOUTH BROADWAY OWNER LLC,

                        Defendants.

No. 23-CV-10333 (KMK)

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

On February 29, 2024, Plaintiff filed the Amended Complaint in this Action. (*See generally* Am. Compl. (Dkt. No. 22).) Plaintiff alleges that he is a resident of New York. (*See id.* ¶ 1.) He further alleges that Defendants are "foreign limited liability compan[ies] authorized to do business" in New York, and that—"for jurisdictional purposes"—both Defendants are citizens of Delaware. (*Id.* ¶¶ 2–4.)

Following a conference held before Judge Judith C. McCarthy on June 10, 2024, (*see* Dkt. (minute entry for June 10, 2024)), the Parties filed letters setting forth their respective positions as to whether this case should be remanded to state court. (*See* Letter from Sasha S. Shafeek, Esq. to Court (June 18, 2024) (Dkt. No. 34); Letter from Patrick J. McGrath, Esq. to Court (June 21, 2024) (Dkt. No. 37); Letter from Sasha S. Shafeek, Esq. to Court (June 27, 2024) (Dkt. No. 39); Letter from Jamie R. Prisco, Esq. to Court (June 27, 2024) (Dkt. No. 40).)

## I. Discussion

As an initial matter, the Court notes that it does not have authority to "remand" this case to state court, because the case was initially filed in federal court and was never removed from

state court.  (*See generally* Dkt.)  *See, e.g.*, *Karunakaran v. Borough of Manhattan Cmty. Coll.*, No. 18-CV-10723, 2023 WL 3853314, at *1 n.1 (S.D.N.Y. May 31, 2023) ("To the extent [the plaintiff] requests that this Court remand her state law claims to state court, this Court lacks authority to do so, as this matter was originally filed in federal court and thus was never removed from state court."); *Cohen v. Walcott*, No. 13-CV-9181, 2017 WL 2729091, at *5 (S.D.N.Y. June 23, 2017) ("[T]his case was never removed from state court, and a court cannot remand a case that was never removed."); *Rivera v. Ndola Pharmacy Corp.*, 497 F. Supp. 2d 381, 385 n.1 (E.D.N.Y. 2007) ("Defendants curiously denominate their motion as one to remand; however, the Court cannot remand these claims because they were never removed from state court."); *see also Warren v. City of New York*, No. 17-CV-797, 2017 WL 11628938, at *3 (E.D.N.Y. July 26, 2017) ("[A] federal district court is without power to 'remand' a case to a court where the case has never been.") (collecting cases); *Sadesky v. Liberty Chevrolet, Inc.*, No. 04-CV-1894, 2005 WL 1026326, at *4 (S.D.N.Y. May 3, 2005) ("Plaintiff asked that this case be remanded to state court.  However, since the case was never removed therefrom, remand is not an option." (citing 28 U.S.C. § 1447 (providing for remand in appropriate cases "after removal"))).  Thus, the question before the Court is whether this case should be dismissed for lack of subject matter jurisdiction.

Subject matter jurisdiction exists in federal court only if a complaint presents a "federal question," 28 U.S.C. § 1331, or if there is complete "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332.  Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)).  When "a federal court concludes that it lacks subject-matter

jurisdiction, the court must dismiss the complaint in its entirety." *Chapman v. United States Dep't of Just.*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021); *see also Esquibel v. Colgate-Palmolive Co.*, No. 23-CV-742, 2023 WL 7412169, at *2 (S.D.N.Y. Nov. 9, 2023) ("An action must be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it."); *see also* Fed. R. Civ. P. 12(h)(3). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Kuo v. Gov't of Taiwan*, No. 17-CV-10156, 2019 WL 120725, at *2 (S.D.N.Y. Jan. 7, 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

Plaintiff has failed to meet his burden here. Per the Amended Complaint, Plaintiff relies on the Court's diversity jurisdiction, (Am. Compl. ¶ 4), which requires complete diversity—i.e., that "all plaintiffs are citizens of different states from all defendants." *See Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*, No. 20-CV-5894, 2021 WL 276707, at *4 (S.D.N.Y. Jan. 27, 2021). An individual's citizenship, in turn, is based on domicile, which is the "place where a person has a true fixed home" and to which he or she "has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Limited liability companies, like Defendant 44 South Broadway Owner, LLC, are "deemed to be a citizen of each state of which its members are citizens." *Kuehne + Nagel, Inc. v. Halco Lighting Techs., LLC*, No. 23-CV-07069, 2023 WL 5180431, at *1 (S.D.N.Y. Aug. 11, 2023).

Here, Plaintiff is a citizen of New York, (*see* Am. Compl. ¶ 1), and it is undisputed that (1) Defendant The Stop & Shop Supermarket Company, LLC is a Delaware limited liability company, with its principal place of business in Massachusetts, and (2) its sole member is Ahold Delhaize USA, Inc.—a Delaware corporation with its principal place of business in Massachusetts, (*see* Stop & Shop Rule 7.1 Statement (Dkt. No. 8)). That leaves Defendant

3

44 South Broadway Owner LLC.  In its Rule 7.1 Disclosure, 44 South Broadway Owner LLC noted that it is 100% owned by 44 South Broadway Partners LLC; that 44 South Broadway Partners LLC is a Delaware limited liability company; and that "[t]here are at least nine members of the 44 South Broadway Partners LLC that are New York State residents." (*See* 44 S. Broadway Rule 7.1 Disclosure (setting forth the names of those nine individuals).)  Plaintiff does not contest these representations.  And , importantly, "where an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC."  *Boergers v. Miami Dolphins, Ltd.*, No. 17-CV-401, 2019 WL 5566336, at *2 (W.D.N.Y. Oct. 29, 2019) (internal quotation marks and citation omitted); *see also 2004 Stuart Moldaw Tr. v. XE L.I.F.E., LLC*, 642 F. Supp. 2d 226, 228 n.2 (S.D.N.Y. 2009) (determining LLCs' citizenship as follows:  "The sole members of the two LLCs are either a natural person citizen of New York or another LLC which, in turn, has as its sole member a natural person who is a citizen of New York."), *aff'd*, 374 F. App'x 78 (2d Cir. 2010).  Thus—given that 44 South Broadway Partners LLC is the sole member of Defendant 44 South Broadway Owner LLC, and that 44 South Broadway Partners LLC has several New York-citizen members—44 South Broadway Owner, LLC must be deemed a New York citizen, *see Kuehne + Nagel, Inc.*, 2023 WL 5180431, at *1, and diversity therefore has been destroyed here.

     Separately, Plaintiff merely alleges that 44 South Broadway Owner LLC is a citizen of Delaware "for jurisdictional purposes".  (*See* Am. Compl. ¶ 4.)  However, that allegation is insufficient because a complaint "must set forth the identity and citizenship of each member individually[.]"  *Lastres Cap. Grp. LLC v. Union Mut. Fire Ins. Co.*, No. 21-CV-3141, 2021 WL 2401012, at *1 (E.D.N.Y. June 11, 2021) (citing U.*S. Liab. Ins. Co. v. M Remodeling Corp.*, 444

F. Supp. 3d 408, 410 (E.D.N.Y. 2020)); *see also SBL Enterprises LLC v. Keystone Cap. Corp.*, No. 21-CV-4459, 2021 WL 2000365, at *3 (S.D.N.Y. May 19, 2021) (dismissing a case sua sponte where the "[p]laintiffs fail[ed] to allege the citizenship of the members of [the plaintiff] LLC, alleging only that this entity [was] 'a North Carolina limited liability company with a principle address [in] . . . North Carolina'"); *Bodhi Building v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *2 (S.D.N.Y. Feb. 9, 2021) ("Here, Plaintiff fails to allege the citizenship of the members of Defendants Elmsford Chicken, LLC and Elmsford Property, LLC.  Accordingly, Plaintiff has failed to plead diversity jurisdiction.") (collecting cases); *In re Bank of America Corp. Sec.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the [p]laintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship." (citing 28 U.S.C. § 1332(a))).

Finally, although Plaintiff argues that dismissing this case for lack of subject matter jurisdiction "may prove to be a wasteful exercise of judicial resources," because it may later be removed to federal court "following the completion of depositions," (Letter from Patrick J. McGrath, Esq. to Court at 2), the Court emphasizes that, "'because it involves a court's power to hear a case,' subject-matter jurisdiction cannot be forfeited, waived, or conferred by consent of the parties." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 617 (2d Cir. 2019) (quoting *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

## II.  Conclusion

For the foregoing reasons, the Complaint is dismissed for lack of subject matter jurisdiction.  The dismissal is—as it must be—without prejudice.  *Spira v. Trans Union, LLC*, No. 21-CV-2367, 2022 WL 2819469, at *6 (S.D.N.Y. July 19, 2022).

The Clerk of Court is respectfully asked to close this case.

SO ORDERED.

Dated: July 9, 2024
       White Plains, New York

                                            KENNETH M. KARAS
                                          United States District Judge